The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson. As the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner, and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1A, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on 8 July 1994.
3. Defendant is self-insured with Claims Management, Inc. as the administrator.
4. Plaintiff's average weekly wage on 8 July 1994 was $290.00, yielding a compensation rate of $193.33 per week.
5. On 8 July 1994, plaintiff sustained a compensable injury to her left foot/ankle.
6. Plaintiff's records from the Occupational Health Center are admitted into evidence as Stipulated Exhibit #1.
7. Plaintiff's records from High Point Orthopaedic Sports Medicine/Dr. H. Bryan Noah are admitted into evidence as Stipulated Exhibit #2.
8. Plaintiff's records from the Family Foot Health Center/Dr. Kevin Henry are admitted into evidence as Stipulated Exhibit #3.
9. Plaintiff's records from Johnson Neurological Clinic/Dr. Scott Stewart are admitted into evidence as Stipulated Exhibit #4.
10. Plaintiff's records from High Point Regional Hospital are admitted into evidence as Stipulated Exhibit #5.
11. Plaintiff's records from Triad Neurological Associates/Dr. David Meyer are admitted into evidence as Stipulated Exhibit #6.
12. Plaintiff's records from Rehability are admitted into evidence as Stipulated Exhibit #7.
13. Plaintiff's records from Dr. John McFadden are admitted into evidence as Stipulated Exhibit #8.
14. Plaintiff's records from CRA Managed Care, Inc. are admitted into evidence as Stipulated Exhibit #9.
 ***********
Based upon all of the competent evidence adduced in this case and the reasonable inferences drawn therefor, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 8 July 1994 plaintiff was a 45-year old female employed by defendant as a stocker. Plaintiff's duties included unpacking and shelving stock. This periodically required plaintiff to climb a ladder to reach higher shelves.
2. On 8 July 1994 plaintiff sustained a compensable injury to her left foot/ankle when she climbed down a ladder, missed a step, and came down two steps landing hard on her left heel. Plaintiff's leg was fully extended and locked at the knee when plaintiff's left heel landed on the floor. At the time of the injury, plaintiff's right leg was on the third step of the ladder.
3. As a result of this compensable injury to her heel plaintiff received medical treatment first at the Occupational Health Center and later came under the care of orthopedic surgeon Dr. H. Bryan Noah and podiatrist Dr. Kevin Henry.
4. As a result of plaintiff's 8 July 1994 compensable injury she received temporary total disability from 7 November 1994 through 12 December 1994, and temporary partial disability from 13 December 1994 through 8 January 1995.
5. Originally, plaintiff focused her treatment on her heel even though her left hip and back felt uncomfortable. Plaintiff eventually voiced her complaints of hip and back pain to Dr. Henry; however, Dr. Henry informed the plaintiff this was outside his area of expertise as a podiatrist. Dr. Henry first noted plaintiff's complaints of back and hip pain on 2 December 1994, although the plaintiff had complained of hip and back pain to an assistant in Dr. Henry's office prior to that date.
6. Dr. Henry diagnosed plaintiff with plantar fasciitis with inferior calcanial spurring and bursitis. When conservative measures failed, he performed an endoscopic plantar fasciiotomy on 7 November 1994. The surgery improved plaintiff's heel pain.
7. In early 1995 and continuing thereafter, plaintiff sought treatment from several physicians for her hip and pain in the sacroiliac area of her back. Plaintiff saw Dr. Stewart, a neurologist, on 16 January 1995 and reported her hip and leg pain originally arose approximately three weeks after 8 July 1994. Some time later plaintiff sought treatment from Dr. David Meyer, Dr. Noah again, and Dr. McFadden. Dr. Stewart diagnosed plaintiff with sacroilitis. A November 1996 mylegram did not reveal any disc herniations.
8. The greater weight of the medical evidence is that plaintiff's current hip and leg problems are causally related to her 8 July 1994 compensable injury. Plaintiff had not experienced hip or leg problems prior to 8 July 1994. The force of the impact from plaintiff's heel hitting the floor on 8 July 1994 was transmitted up her leg and into the hip and back, resulting in an injury to the hip and back area. Additionally, plaintiff's walking patterns were altered because of her compensable heel injury, which also contributed to hip and back pain.
9. Plaintiff may benefit from a pain management program to assist her in dealing with her hip and back pain. Plaintiff still experienced this pain at the time of the hearing before the Deputy Commissioner.
10. As a result of plaintiff's compensable injury on 8 July 1994 and resulting back and hip problems, Dr. Noah rated plaintiff with a two and one-half percent (2.5%) permanent partial impairment to her back.
11. Following plaintiff's return to work in January 1995 and at the time of the hearing, plaintiff earned the same or greater wages than she earned prior to her compensable 8 July 1994 injury. Plaintiff performed her same position at defendant-employer as a stocker, but did not lift heavy items due to her continued back pain.
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 *********** CONCLUSIONS OF LAW
1. Plaintiff's back and hip problems are causally related to her compensable injury on 8 July 1994. N.C. Gen. Stat. §97-2(6).
2. As a result of plaintiff's compensable injury on 8 July 1994, she is entitled to receive seven and one/half (7 1/2) weeks permanent partial disability compensation at her compensation rate of $193.33 per week for the two and one-half percent (2.5%) permanent partial disability rating to her back. N.C. Gen. Stat. § 97-31(23).
3. Plaintiff is entitled to have defendants provide all medical treatment arising from her 8 July 1994 compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the forgoing findings of fact and conclusion of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney fee, defendants shall pay plaintiff $193.33 per week for seven and one-half (7 1/2) weeks for her two and one-half percent (2.5%) permanent partial disability rating. This amount is payable in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of her 8 July 1994 compensable injury when bills for the same have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and forwarded directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ CHRISTOPHER SCOTT COMMISSIONER
S/ _____________ RENÉE C. RIGGSBEE COMMISSIONER
DCS/jbd